**FILED**
DISTRICT COURT OF GUAM
JUL -6 2006
MARY L.M. MORAN
CLERK OF COURT

# DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

| | |
|---|---|
| JAE JUNE PAK,<br><br>           Plaintiff,<br>vs.<br><br>SIX UNKNOWN NAMES AGENTS,<br><br>           Defendants. | Civil Case Nos.   06-00013<br>                        06-00015<br><br>**ORDER** |

On May 18, 2006 and June 13, 2006, the Plaintiff, Jae June Pak, ("Pak") filed complaints pursuant to 42 U.S.C. § 1983.[1] Pak failed to pay the requisite $350 filing fee at the time of filing pursuant to 28 U.S.C. § 1914(a).[2] As a result, the Clerk of this Court sent Pak the following: 1) an Application to Proceed Without Prepayment of Fees and Affidavit; 2) a Consent to the Release of Trust Account Information and to the Collection of Fees from Trust Account Form; and 3) Instructions for Prisoner's *In Forma Pauperis* ("IFP") Application. Pak was also informed in the same correspondence that failure to either pay the filing fee or in the alternative failure to complete and file the IFP application by June 19, 2006 would result in the dismissal of his complaint without prejudice.

---

[1] Pak has filed sixteen (16) complaints that are similar to the instant cases. *See* Docket Nos. 1, 2, 4, 5, 7, 8, 9, 10, 11, 12, 13, 14 and 16 in CV 04-00023, Docket No. 1 in CV 05-00021, Docket No. 1 in CV 06-00003 and Docket No. 1 in CV 06-00009. The complaints in CV 04-00023 were subsequently consolidated into a petition for relief pursuant to 28 U.S.C. § 2255. *See* Order filed May 3, 2005, Docket No. 17 in CV 04-00023. Pak's complaint in CV 05-00021 was dismissed for failure to prosecute because he failed to pay the filing fee or submit an IFP application. *See* Order filed September 27, 2005, Docket No. 2. Pak's complaints in CV 06-00003 and CV 06-00009 were dismissed for the same reasons. *See* Orders filed May 9, 2006 Docket No. 2 in each case. The Court also notes that in the instant complaints, Pak fails to set forth any facts to support his allegations (the allegations are virtually identical to those contained in CV 05-00021, 06-00003, and 06-00009) nor has he affixed his signature to said documents pursuant to Rule 11(a) FED.R.CIV.P.

[2] 28 U.S.C. § 1914(a) reads in pertinent part, "[t]he clerk of each district court shall require the parties instituting any civil action . . . . to pay a filing fee of $350. . ."

<span>Case 1:06-cv-00015    Document 2    Filed 07/06/2006    Page 1 of 3</span>

To date, in the above captioned cases, Pak has failed to pay the $350 filing fee, nor has he filed the IFP application. The Court notes that Pak has been informed of the requirement to pay the filing fee or in the alternative to complete and file the IFP application on at least five separate occasions. Additionally, three previous complaints, have been dismissed as a result of failure to prosecute because Pak failed to pay the filing fee or submit an IFP application. *See* note 1. Accordingly, since Pak has failed to pay the requisite filing fees, his complaints are DISMISSED for failure to prosecute. Moreover, the Clerk for the District of Guam shall not accept for filing from Pak any civil actions or habeas corpus petitions of any kind unless they are accompanied by the appropriate filing fee or completed IFP application.[3] Any materials sent to the Court without the appropriate filing fee or completed IFP application will not be returned to the Pak.

As to the merits of the complaints, the Court, has reviewed both complaints and finds that the complaints are also defective pursuant to Rule 8(a) FED.R.CIV.P.[4] A federal court may dismiss a complaint *sua sponte* if jurisdiction is lacking. *Southern Pacific Transportation Co. v. City of Los Angeles,* 922 F.2d 498, 502 (9th Cir.1990), *cert. denied,* 112 S.Ct. 382 (1991); FED.R.CIV.P. 12(h)(3).[5] Pak's complaints do not comply with the requirements set forth in Rule 8(a). Notwithstanding the complaints' invocation of this court's jurisdiction, the complaints utterly fail to state a cognizable claim for relief. Even upon a liberal review of Pak's filings, the Court finds no legal or factual basis supporting his claims. The Court is unable to discern much of the content of the complaint. Further, there is no indication that any of the acts complained

---

[3] Should Pak tender the appropriate filing fee or completed IFP application, he still remains subject to the Court's sanctioning authority for any abuses.

[4] FED.R.CIV.P 8(a) states in pertinent part:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks . . . .

[5] FED.R.CIV.P. 12(h)(3) states: "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

2

of occurred on Guam or had any relation to Guam, nor is there any evidence that any of the "unknown agents" reside on Guam. "District courts have the authority to dismiss complaints founded on 'wholly fanciful' factual allegations for lack of subject matter jurisdiction." *See Franklin v. Murphy*, 745 F2 1221, 1228 (9th Cir. 1984). Notwithstanding the failure to pay the filing fee, or file an IFP application, this Court lacks jurisdiction to hear the matter. Accordingly, the complaints are DISMISSED.

**IT IS SO ORDERED** this 6 day of July, 2006.

---

WM. FREMMING NIELSEN*
**United States District Judge**

---

* The Honorable Wm. Fremming Nielsen, United States Senior District Judge for the Eastern District of Washington, by designation.